IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
SEP 1 9 2018
ARTHUR JOHNSTON
BY _____ DEPUTY

UNITED STATES OF AMERICA

v.

MICHELLE HAWKINS

CRIMINAL NO. 5:18-cR-25-DCB-LRA

18 U.S.C. § 641
42 U.S.C. § 1383a(a)(4)
18 U.S.C. § 1001(a)(2)

**The Grand Jury charges:**

COUNT 1

From in or about April 2002, and continuing through in or about July 2016, in Adams County, in the Western Division of the Southern District of Mississippi, and elsewhere, the defendant, **MICHELLE HAWKINS**, did willfully and knowingly embezzle, steal and convert to her own use or the use of another, money belonging to the United States of America and a department or agency thereof, in excess of $1,000.00, namely, Social Security Supplemental Security Income ("SSI") payments to which she was not entitled.

In violation of Title 18, United States Code, Section 641.

COUNT 2

From in or about April 2002, and continuing through in or about July 2016, in Adams County, in the Western Division of the Southern District of Mississippi, and elsewhere, the defendant, **MICHELLE HAWKINS**, having made application to receive any benefit under Title 42, Chapter 7, Subchapter XVI of the United States Code for the use and benefit of another and having received such benefit, knowingly and willfully converted such benefit and any part thereof, totaling approximately $110,671.14, to a use other than for the use and benefit of such other person.

In violation of Title 42, United States Code, Section 1383a(a)(4).

COUNT 3

On or about September 2, 2014, in Hinds County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant, **MICHELLE HAWKINS**, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations to a representative of the Social Security Administration ("SSA"), a department or agency of the United States. Specifically, the defendant asserted that R.W. lived with her during the period from August 1, 2013 to July 31, 2014, and that she had used the $8,158.00 in benefits paid to her by the Social Security Administration as R.W.'s Representative Payee for the care and support of R.W. In truth and in fact, as defendant knew, R.W. did not live with her during the period from August 1, 2013 to July 31, 2014, and she did not use the $8,158.00 she received from the Social Security Administration for R.W.'s care and support.

In violation of Title 18, United States Code, Section 1001(a)(2).

COUNT 4

On or about December 1, 2015, in Adams County, in the Western Division of the Southern District of Mississippi, and elsewhere, the defendant, **MICHELLE HAWKINS**, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations to a representative of the Social Security Administration ("SSA"), a department or agency of the United States. Specifically, the defendant asserted that R.W. lived with her during the period from August 1, 2014 to July 31, 2015, and that she had used the $8,496.00 in benefits paid to her by the Social Security Administration as R.W.'s Representative Payee for the care and support of R.W. In truth and in fact, as defendant knew, R.W. did not live with her during that time, and she did not use the $8,496.00 in benefits she received from the Social Security Administration for R.W.'s care and support.

In violation of Title 18, United States Code, Section 1001(a)(2).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461.

*[signature]*
D. MICHAEL HURST, JR.
United States Attorney

**A TRUE BILL:**
**S/SIGNATURE REDACTED**
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the 19th day of September, 2018.

*[signature]*
UNITED STATES MAGISTRATE JUDGE